J-S61017-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DANIEL WALTON | : | |
| | : | |
| Appellant | : | No. 361 MDA 2015 |

Appeal from the Order of November 26, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at Nos.: CP-35-CR-0003298-2007
CP-35-CR-0003301-2007

BEFORE:    PANELLA, J., WECHT, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED DECEMBER 08, 2015**

I join the Majority memorandum except for the analysis provided on page 9, relating to a court's independent review of the record conducted under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The learned Majority takes the position that a court is obligated to conduct the type of independent review akin to that which is required now under ***Anders v. California***, 386 U.S. 738 (1967), pursuant to this Court's recent decision in ***Commonwealth v. Flowers***, 113 A.3d 1246, 1249-50 (Pa. Super. 2015) (requiring an independent "review of the entire record for any non-frivolous issues," including "any additional, non-frivolous issues overlooked by counsel").  Specifically, the Majority interprets ***Turner***/***Finley*** to require that, once the technical requirements of ***Turner***/***Finley*** are met,

*Retired Senior Judge assigned to the Superior Court.

a court must conduct an independent review of the entire record to determine whether **any** meritorious issues exist.  I disagree with this interpretation.

**Turner**/**Finley** requires this Court (or the PCRA court) to conduct an independent review of the record for the limited purpose of determining whether the **claims raised in the petition** are without merit.  **Finley**, 550 A.2d at 215 ("Once counsel for the petitioner determines that the issues raised under the PCHA[1] are "meritless", and the PCHA court concurs, counsel will be permitted to withdraw … ."); **Turner**, 544 A.2d at 928-29 ("When, in the exercise of his professional judgment, counsel determines that the issues raised under the PCHA are meritless, and when the PCHA court concurs, counsel will be permitted to withdraw … ."); **see also Commonwealth v. Reed**, 107 A.3d 137, 141 (Pa. Super. 2014) ("Accordingly, we will proceed with our independent review of the questions presented to determine if counsel correctly concluded that the issues raised had no merit."); **Commonwealth v. Doty**, 48 A.3d 451, 454 (Pa. Super. 2012) ("If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief."); **Commonwealth v. Widgins**, 29 A.3d 816, 819-20 (Pa. Super. 2011) ("We now turn to an independent review of Widgins' PCRA [p]etition to ascertain

---

[1] The PCHA is the predecessor to the PCRA.

whether his claim entitles him to relief" and concluding that his "claim lacks merit and the instant appeal is frivolous"); *Commonwealth v. Daniels*, 947 A.2d 795, 798 (Pa. Super. 2008) ("We now turn to an independent review of Appellant's PCRA petition to ascertain whether his claim entitles him to relief."); *Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa. Super. 2007) (explaining that the court must "conduct its own review of the merits of the case" and that "[i]f the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw," but "if the claims appear to have merit, the court will deny counsel's request"); *Commonwealth v. Hayes*, 596 A.2d 195, 196 n.4 (Pa. Super. 1991) ("As provided for by *Turner* and *Finley*, counsel will be permitted to withdraw if, after separate and independent review of the issues raised by defendant's collateral petition, both counsel and the court conclude defendant's issue are meritless. … If … the court determines that the issues raised are without merit, then counsel will usually be permitted to withdraw … .").

Although case law exists to support the Majority's position,[2] that approach is untenable given the nature of PCRA proceedings. First, the Majority's requirement that this Court comb the record in search of meritorious issues not raised by counsel in the *Turner*/*Finley* brief provides

---

[2] *See, e.g., Commonwealth v. Freeland*, 106 A.3d 768 (Pa. Super. 2014) (granting a petition to withdraw filed pursuant to *Turner*/*Finley*, concluding that "[n]one of Appellant's claims merit[s] relief," and that "[o]n independent review, we find no other claims of merit").

- 3 -

the same level of protection to PCRA petitioners as is provided to criminal defendants on direct appeal under **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). This is inconsistent with the oft-repeated fact recognized by the Majority that **Anders** and **Santiago** provide greater protection than **Turner** and **Finley**. **See** Majority Memorandum at 4 (citing **Commonwealth v. Widgins**, 29 A.3d 816 (Pa. Super. 2011)). This is because the right to PCRA counsel is statutory rather than constitutional. **See Wrecks**, 931 A.2d at 722 ("The heightened protection afforded to **Anders** appellants as compared to **Turner**/**Finley** petitioners/appellants arises because the right to counsel on direct appeal and the right to the direct appeal itself are constitutional ones. By comparison, a first-time PCRA petitioner's right to counsel is born of rule, … and that right does not spring from the federal or state constitutions." (citations omitted)). Under the Majority's approach, **Turner**/**Finley** review is no different than **Anders**/**Santiago** review.

Second, in general, any issue not raised in the PCRA petition is waived. **See Commonwealth v. Baumhammers**, 92 A.3d 708, 731 (Pa. 2014) ("[S]ince the present claim was not raised in Appellant's PCRA petition, and no request was made to amend the petition to include it, it is waived."); **see also Commonwealth v. Rigg**, 84 A.3d 1080, 1085 (Pa. Super. 2014) (explaining that, with exception, "[w]here the petitioner does

not seek leave to amend his petition after counsel has filed a *Turner*/*Finley* no-merit letter, the PCRA court is under no obligation to address new issues") (citing *Commonwealth v. Rykard*, 55 A.3d 1177 (Pa. Super. 2012). Waived claims are frivolous, let alone lacking in merit. *Commonwealth v. Kalichak*, 943 A.2d 285, 291 (Pa. Super. 2008). Therefore, outside of the narrow scope of issues that are nonwaivable and able to be raised by this Court *sua sponte*, such as an illegal sentence or lack of jurisdiction,[3] this Court's search of the record for a meritorious issue not raised in the PCRA petition is pointless.

A PCRA petitioner obviously wants to have each of the issues raised in the PCRA petition reviewed; otherwise, he or she would not have raised them. If counsel has failed to address all of the issues that the defendant wishes to raise, then we are obligated to deny counsel's petition to withdraw without ever reaching the stage of independent review. *See, e.g., Wrecks*, 931 A.2d at 721 ("If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief."). Thus, we will never conduct an independent review of the case

---

[3] Indeed, these are the types of issues that we are mindful of and will address in the context of any case before us.

unless and until counsel has addressed all issues raised in the PCRA petition and concluded that those issues lack merit.

Therefore, the Majority's approach is both inconsistent with much of the case law on the subject and an exercise in futility.